JONATHAN RAPOPORT, Respondent, v WILLIAM BERMAN, as a Judge of the Family Court of the State of New York, Appellant.—In an action *inter alia* to declare that defendant, a Judge of the Family Court, has no right or power to prohibit plaintiff (a Legal Aid Society attorney) from interviewing a petitioner in a Family Court proceeding in which he represents a juvenile respondent, defendant appeals from an order of the Supreme Court, Kings County, entered July 17, 1975, which, *inter alia,* (1) granted plaintiff's motion for a preliminary injunction to the extent of "staying the enforcement of the defendant's order insofar as it prohibits the plaintiff from interviewing a petitioner for the purpose of preparing his client's defense" and (2) denied defendant's cross motion to dismiss the complaint. Order reversed, without costs, cross motion granted, complaint dismissed and motion for a temporary injunction dismissed as academic. In a Family Court proceeding to adjudicate petitioner's child a person in need of supervision (PINS), the petition alleged that the child was a school truant. Plaintiff, a Legal Aid Society attorney, was assigned as Law Guardian. He promptly communicated with the petitioner mother and induced her to sign a release permitting him to obtain the child's school records. Subsequently, on May 9, 1975, in the course of the PINS proceeding, defendant, a Family Court Judge, learned of this communication and, in open court, advised plaintiff that in this and in future cases he was not to contact the petitioners. Plaintiff thereupon instituted this action for a

judgment declaring that defendant's verbal directions were unlawful and an abuse of judicial power and discretion and that defendant has no right or power to prohibit plaintiff from interviewing petitioners or from seeking relevant records from them, or to initiate contempt proceedings if plaintiff engages in such conduct. Simultaneously with the institution of the action, plaintiff moved for an order "enjoining and restraining the defendant from continuing in force and effect his orders to plaintiff of May 9, 1975, 'to stay away from petitioner[s]' ". Defendant cross-moved to dismiss the complaint and the application for an injunction "for failure to state a cause of action and availability of other remedies". Special Term granted plaintiff's motion for a preliminary injunction, to the extent above indicated, and denied the cross motion. In our opinion, defendant's cross motion to dismiss the complaint should have been granted. As appears from the record on appeal, the directives issued by defendant on May 9, 1975 were not formalized by a written order of the Family Court. No contempt proceedings were instituted or concluded (see *Matter of Le Bow v Le Bow*, 45 AD2d 1009). Plaintiff did not apply to defendant for any records or information pertaining to or in furtherance of his representation of any particular ward and therefore has met no denial of such request. In short, it has not been demonstrated that a specific order has been made prejudicing any particular juvenile client of plaintiff or directly and immediately jeopardizing plaintiff. In this posture of the case, there is nothing to be adjudicated; we do not reach the question of whether an action for a declaratory judgment and injunctive relief would otherwise be an appropriate remedy. Although we do not reach the merits of plaintiff's substantive contentions, some observations are in order. We note that in granting the temporary injunction, Special Term wrote: "Without delving too far into the respective merits, it is the opinion of the court that the constitutional right to counsel in proceedings brought in Family Court, pursuant to Article 7 of the Family Court Act (PINS and Delinquency) as set forth in *Matter of Gault* (387 US 1), extends to the right and duty of such counsel to proceed in the same manner as counsel representing a defendant in a criminal proceeding. This is not to say that a PINS matter is a strict criminal proceeding". We are in accord. Specifically, a Law Guardian representing a juvenile respondent in a Family Court adversary proceeding has the right to interview any petitioner or witness who may possess information bearing on the issues before the court. The directives issued by defendant were clearly the result of a justifiable concern that there be no improper interference with the course of "adversary" proceedings in the Family Court. On the other hand, plaintiff's conduct which triggered defendant's reaction was clearly the result of an attorney's effort to properly represent his ward. However, the subject matter of defendant's directives and of plaintiff's declaratory judgment suit involve general ethical norms, the application of which can vary greatly from case to case in different factual settings. Where a trial court believes that an attorney has violated ethical standards, has overstepped the bounds of propriety or has violated any of the canons of ethics (absent contumacious conduct, etc.), the matter should be referred to this court to ascertain whether disciplinary action is warranted. Gulotta, P. J., Rabin, Martuscello, Latham and Shapiro, JJ., concur.